**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**
**No. 98-10489
Summary Calendar**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JOSE ANGEL CASTORENA,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court,
for the Southern District of Texas
(4:92-CR-155-Y)**
_____

September 21, 1998

Before KING, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Federal prisoner #23875-077 Jose Angel Castorena appeals the denial of his motion for reduction of sentence under 18 U.S.C. § 3582(c)(2). We review such denials for abuse of discretion. *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997).

Castorena maintains that the district court should have reduced his sentence in the light of a 1994 amendment to U.S.S.G.

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2D1.1(c) ("Amendment 505"), under which his base offense level would have been 38, rather than 40; and that the court should have considered explicitly the factors listed in 18 U.S.C. § 3553(a). Retroactive application of Amendment 505 left the district court still bound to impose life imprisonment, however, given the enhancements to Castorena's offense level. *See Gonzalez-Balderas*, 105 F.3d at 982-84. Accordingly, the district court did not abuse its discretion in summarily denying Castorena's motion for reduction of sentence without explicitly considering the § 3553(a) factors. *See id*.

                                                            *AFFIRMED*